UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | ) | |
|---|---|---|
| PAMELA FLYNN and PAUL FLYNN, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 4:15-CV-1871 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP a/k/a | ) | |
| WAL-MART STORES EAST 1 LP d/b/a | ) | |
| WAL-MART SUPERCENTER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Standing, Lack of Subject Matter Jurisdiction, and Failure to State a Claim (ECF No. 5). This matter is fully briefed and ready for disposition.

# BACKGROUND[1]

On or about March 10, 2009, plaintiff Pamela Flynn was a stocking the shelves of Wal-Mart Supercenter on behalf of Lewis Brothers Bakeries, Inc. (Petition for Personal Injuries ("Petition" or "Pet."), ECF No. 1, ¶3). Ms. Flynn fell off of a stool that was missing the rubber bumpers at the bottom, which were designed to prevent the stool from moving. (Pet., ¶¶5-7). Ms. Flynn fell off the stool when it rolled, and she sustained injuries. (Pet., ¶8).

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

On December 8, 2010, Plaintiffs filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the Eastern District of Missouri. John V. LaBarge, Jr. serves as the trustee of Plaintiffs' Bankruptcy Estate.

Plaintiffs originally filed this cause of action in the Circuit Court of St. Louis County, Missouri, on February 24, 2014 ("Original Suit"). (*See* ECF No. 1, Exhibit A, Case No. 4:14-CV-01162). On June 27, 2014, Defendant filed a Notice of Removal and the Original Suit was removed to the United States District Court for the Eastern District of Missouri. (See ECF No. 1, Case No. 4:14-CV-01162). On August 20, 2014, Defendant filed a Motion to Dismiss Plaintiffs' Original Suit on the basis that Plaintiffs lacked standing to sue. (ECF No. 16, Case No. Case No. 4:14-CV-01162). Defendants contended Plaintiffs' claim was an unliquidated personal injury claim, and because Plaintiffs failed to amend their Bankruptcy Petition to add the claims pleaded in Plaintiff's Original Suit, Plaintiffs lacked standing to sue.

On October 20, 2014, the Court granted Defendant's Motion to Dismiss. *See Flynn v. Wal-Mart Stores E., LP*, No. 4:14CV1162 JCH, 2014 WL 5343344, at *2 (E.D. Mo. Oct. 20, 2014). The District Court held that "the case … became an asset of Plaintiffs' bankruptcy estate upon the filing of their Voluntary Petition in Bankruptcy." *Id.*, at *2. As a result, the Court determined that Plaintiffs lacked standing to pursue the claim and the Court dismissed Plaintiff's Original Suit for lack of subject-matter jurisdiction. On October 21, 2014, Plaintiffs amended their Bankruptcy Petition to include the Original Suit as an asset to their bankruptcy estate. (ECF No. 6-2).

On October 20, 2015 (year after the District Court dismissed Plaintiffs' original suit for lack of subject-matter jurisdiction), Plaintiffs re-filed their Petition for Personal Injuries in the Circuit Court of St. Louis County, Missouri. The Petition was not filed in LaBarge's name. On

December 17, 2015, Defendant filed its Notice of Removal, and Plaintiffs' Complaint was removed to this Court.

On April 14, 2016, Plaintiffs' bankruptcy case was closed without discharge. (ECF No. 76, Docket for Plaintiffs' Bankruptcy Petition, Case No. 10-53911).

## STANDARD OF REVIEW

In ruling on a motion to dismiss or a motion for judgment on the pleadings, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I. Standing

Defendants assert that Plaintiffs' bankruptcy has not yet been discharged by the U.S. Bankruptcy Court and Plaintiffs' bankruptcy trustee, LaBarge, has the exclusive right to sue on

behalf of Plaintiffs. (ECF No. 6 at 5). Defendants maintain that "[b]y re-filing their Complaint in their own names, Plaintiffs have failed to cure their lack of standing which was the basis of this Court's dismissal of the Original Suit." As a result, Defendants assert that this Court should dismiss Plaintiffs' Complaint in its entirety.

Plaintiffs contend in their March 7, 2016 response that the trustee's authority to pursue Plaintiffs' claim "will expire shortly." (ECF No. 13 at 2). As a result, Plaintiff suggested that the Court order the bankruptcy trustee, LaBarge, be substituted as the party plaintiff in this case or that the Court stay this case until Plaintiffs' bankruptcy terminated. (ECF No. 12 at 2-3).

At the time of the filing of this lawsuit, Plaintiffs could not have brought this action for the reasons stated in *Flynn v. Wal-Mart Stores E., LP*, No. 4:14CV1162 JCH, 2014 WL 5343344, at *2 (E.D. Mo. Oct. 20, 2014), unless it was permitted by the Trustee, which is not alleged in the Petition. Thus, the pendency of the bankruptcy action precluded Plaintiffs from having standing to bring this lawsuit. 11 U.S.C. § 704(1) (the bankruptcy trustee is empowered by law to assert causes of action belonging to the debtor at the time of filing). "Standing is one aspect of the constitutional requirement that courts may only decide cases or controversies." *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1004 (8th Cir. 2007) (citing *Novartis Seeds, Inc. v. Monsanto Co.,* 190 F.3d 868, 871 (8th Cir. 1999)). Therefore, the Court grants Defendants' Motion to Dismiss because Plaintiffs lacked standing to bring this action at the time of filing.[2]

## II.  Statute of Limitations

Plaintiff Pamela Flynn's injury occurred on March 10, 2009. (ECF No. 6 at 6). On February 24, 2014, Plaintiffs filed their Original Suit, just before the expiration of the five-year

---

[2] The Court notes that Plaintiffs' bankruptcy was closed on April 14, 2016. However, at the time of the filing of the lawsuit and prior to the running of the statute of limitations (as discussed below) Plaintiffs lacked standing to bring this cause of action.

statute of limitations for personal injury claims in Missouri. Mo. Rev. Stat. §516.120. On October 20, 2014, this Court dismissed Plaintiff's Original Suit because Plaintiffs lacked standing to sue and for lack of subject matter jurisdiction. Defendants claim that because Plaintiffs did not have standing to bring the Original Suit, this Court must dismiss Plaintiffs' Complaint with prejudice. (ECF No. 6 at 6-8). Defendants further assert that Missouri's savings statute also cannot save Plaintiffs' cause of action. (ECF No. 6 at 7). The Missouri savings statute provides, "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, … such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered …" Mo. Rev. Stat. §516.230. Defendants assert that the ruling in *Webster v. Otwo I, Inc.*, 296 S.W.3d 501, 504 (Mo. Ct. App. 2009) demands dismissal of this action.

In *Webster*, Patrick and Lynn Kronin initially field suit against Otwo in their own names on August 26, 2005. The Kronins had a personal Chapter 7 bankruptcy case pending. Webster was the bankruptcy trustee for the Kronins' bankruptcy and moved to intervene or be substituted as plaintiff in the Kronin action on July 5, 2007—after the statute of limitations had run. On September 7, 2007, the circuit court dismissed the lawsuit, without prejudice on the basis that the Kronins lacked standing to sue. However, the circuit court stated that the dismissal did not preclude a party with proper standing from refiling Plaintiffs' claims pursuant to the savings clause in Mo. Rev. Stat. §516.230. Webster filed a subsequent lawsuit on September 5, 2008, almost seven years after Patrick Kronin's injuries occurred, but within one year of the dismissal of the Kronin action. Webster claimed that she had standing to prosecute the Kronin's claims. The circuit court, however, granted Otwo's motion to dismiss on the grounds that Webster's

claims were barred by the applicable statute of limitations. The Court of Appeals agreed that Webster's claims were not entitled to protection afforded by the savings statute:

> Here, the savings provision in § 516.230 does not apply to a later action filed by a party suing in a different capacity than the plaintiff in an earlier lawsuit that was dismissed for lack of standing—the proper party-plaintiff who files the second action is simply not "such plaintiff" who "suffer[ed] a nonsuit" in the earlier case

*Webster*, 296 S.W.3d at 506. Defendants claim that the ruling in *Webster* should apply to this case.[3]

Plaintiffs did not address this argument in their response. The Court recognizes that, at the time this lawsuit was filed, the proper party plaintiff should have been LaBarge, the trustee. *See Flynn v. Wal-Mart Stores E., LP*, No. 4:14CV1162 JCH, 2014 WL 5343344, at *2 (E.D. Mo. Oct. 20, 2014). Nevertheless, as noted in *Webster*, the Trustee could not have brought this action in his own name under the savings statute. *See Webster*, 296 S.W.3d at 506. Thus, although Plaintiffs assert that the Trustee should be substituted as the party plaintiff in this case, that legal change would not change the result. The Court holds that Plaintiffs' claims are barred by the relevant statute of limitations and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' Complaint for Lack of Standing, Lack of Subject Matter Jurisdiction, and Failure to State a Claim (ECF No. 5) is **GRANTED**. Plaintiffs' claims are dismissed with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order

---

[3] The Court recognizes that an exception to the general standing rule exists "when 'the second plaintiff sues in the same right as the original plaintiff, such as a successor trustee.'" *Webster v. Otwo I, Inc.*, 296 S.W.3d 501, 505 (Mo. Ct. App. 2009). The Court, however, does not believe that this exception applies in this case.

Dated this 25th day of April, 2016.

                                              */s/ Ronnie L. White*
                                              **RONNIE L. WHITE**
                                              **UNITED STATES DISTRICT JUDGE**